IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERI TABOR, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.   2:13-cv-20643

TERESSA TABOR, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiffs' Motion to Remand [Docket 5] and Defendant Rick Mullins' Motion for Costs and Attorney's Fees [Docket 4]. For the reasons discussed below, the plaintiffs' Motion to Remand [Docket 5] is **GRANTED**, and Defendant Rick Mullins' Motion for Costs and Attorney's Fees [Docket 4] is **DENIED**. Defendant Teressa Tabor is **ORDERED** to pay the plaintiffs' just costs and attorney's fees incurred in defending removal. The plaintiffs are **DIRECTED** to file within ten days, in this court, an accounting for time spent, costs incurred, and the rate charged for fees incurred in this matter.

### I. Facts and Procedural History

This case arises out of the death of Robert C. Tabor. The plaintiffs are Mr. Tabor's two children, Teri Tabor and Robert Christopher Tabor, both from previous marriages. The plaintiffs are both West Virginia residents. Defendant Teressa Tabor, Mr. Tabor's wife, is a South Carolina resident. Defendant Rick Mullins, a friend of Mr. Tabor, is a West Virginia resident. Mr. Tabor passed away on February 1, 2012, and he died intestate. The plaintiffs allege that "Defendant

Teressa Tabor has seized, possesses or otherwise has access to all property, whether real or personal, that should be included in the estate, denying Plaintiffs access to the same. Moreover, Defendant has taken such property out of West Virginia in an intentional and malicious attempt to prevent Plaintiffs from making a claim to the property and/or the estate." (First Am. Compl. [Docket 14-2], ¶ 8). The plaintiffs allege that Mr. Mullins was "involved with the collection and sale of the personal property of Mr. Tabor." (*Id.*).

The complaint alleges four counts. Count I asserts that, "the intentional and malicious acts of defendants, Teressa Tabor and Rick Mullins, constitute an intentional and personal tort against plaintiffs." (*Id.* ¶ 11). Count II does not appear to allege an independent cause of action. Instead, it states that the defendants "acted in an extreme and outrageous manner toward Plaintiffs in committing intentional and malicious acts against Plaintiffs." (*Id.* ¶ 14). Count III claims that the defendants took possession of personal property that belonged to the plaintiffs and transported it out of West Virginia. (*Id.* ¶ 17). Finally, Count IV alleges that Ms. Tabor has been named the Administratrix of Mr. Tabor's estate in another jurisdiction and therefore breached her fiduciary duty. (*Id*. ¶ 19-20). The plaintiffs seek "the damages against Defendants for actual financial loss as well as reasonable damages for pain, humiliation, embarrassment, degradation, emotional distress, mental anguish, annoyance and inconvenience, in an amount to be determined by the jury in the trial of this action, as well as for attorney fees, costs and any other remedy allowable by law." (*Id.* ¶ 22).

This is the second motion to remand I have decided in this matter. I granted the first motion to remand on April 26, 2012 (Case No. 2:12-cv-00415, Mem. Op. & Order [Docket 17]) because I determined that the amount in controversy was insufficient to confer federal jurisdiction. I found that

2

> the defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. First, the plaintiffs' request for relief does not seek punitive damages. As the defendant points out, there are words in the complaint indicating that the defendant's actions were egregious, but I can only speculate as to whether the plaintiffs will ask for punitive damages at some point in the future.

(*Id.* at 4-5). After remand, the plaintiffs filed their First Amended Complaint, joining Rick Mullins, a West Virginia resident, as a defendant. (*See* First Am. Compl. [Docket 14-2]). The amended complaint is identical to the original complaint except for the joinder of Mr. Mullins and the general allegation that Mr. Mullins was "involved with the collection and sale of the personal property of Mr. Tabor." (*Id.* at ¶ 8).

Defendant Teressa Tabor filed a Second Notice of Removal and Motion for Sanctions [Docket 1] on July 18, 2013. The plaintiffs moved to remand this case on August 15, 2013. (*See* Mot. to Remand [Docket 5]). The plaintiffs request an award of attorney's fees and costs incurred in attacking removal. (*See id.*). The defendants oppose the motion to remand, arguing that the amount-in-controversy requirement is met because the plaintiffs are seeking punitive damages and that Mr. Mullins was fraudulently joined to defeat complete diversity. (*See* Resp. in Supp. of Def. Teressa Tabor's Second Notice of Removal and Def. Rick Mullins' Mot. for Costs and Attorney's Fees [Docket 4], at 2). Additionally, Mr. Mullins moved for sanctions against the plaintiffs for fraudulently joining him. (*See id.*).

**II. Legal Standard**

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism

concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.* Removal in the instant case is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

The plaintiffs claim that the defendants have not met their burden of proving the amount in controversy exceeds $75,000. Because there is no *ad damnum* clause in the complaint asking for an amount exceeding $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). The amount in controversy is what the plaintiffs claim to be entitled to or demand. *Scaralto v. Ferrell*, No. 2:11-cv-00533, 2011 WL 5966349, at *5 (S.D. W. Va. Nov. 29, 2011). In this case, there is no direct evidence of what the plaintiffs claim to be entitled to. Instead, I must look to the totality of the circumstances and can consider, among other things, "the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate." *McCoy*, 147 F. Supp. 2d at 489. I use this information to estimate the amount that a reasonable plaintiff would demand or claim. *Scaralto*, 2011 WL 5966349, at *6.

In addition to the amount-in-controversy requirement, "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *see also* 28 U.S.C. § 1332(a). However, the judicially created fraudulent joinder doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse

defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

### III. Analysis

In my Memorandum Opinion and Order of April 26, 2012 (Case No. 2:12-cv-00415 [Docket 17]), I found that the defendants could not show by a preponderance of the evidence that the amount in controversy exceeded $75,000 because compensatory damages were inadequate and the plaintiffs did not seek punitive damages in their complaint. (*Id.* at 4-6).

> Accounting for the estimated $10,000 in compensatory damages, the defendant has offered no evidence that the plaintiffs' request for noncompensatory damages places over $65,000 in dispute. Moreover, there is no *ad damnum* clause in the complaint, and the defendant has not submitted a settlement demand by the plaintiffs. There is also no evidence in the record of verdicts in similar cases. Accordingly, the defendant offers no more than speculation and conclusory allegations that the amount in controversy exceeds $75,000.

(*Id.* at 5).

The defendants argue that they have since learned that the plaintiffs do indeed seek punitive damages. As support, the defendants cite the following request for admission propounded on each of the plaintiffs:

**Request No. 1**: Admit that Plaintiff is not seeking punitive damages in this lawsuit.

**Response**: Denied.

(Second Notice of Removal and Mot. for Sanctions [Docket 1], at 3-4). The defendants argue that this response is an affirmative admission that plaintiffs are seeking punitive damages. The defendants read too much into this response. In fact, when defense counsel asked for clarification

5

of the plaintiffs' response, plaintiffs' counsel reaffirmed that "[a]t this early stage of discovery, it is virtually impossible to make that determination. I am not in a position to [forego] punitive damages at this point in time, but would be willing to revisit the issue as discovery progresses." (Mot. to Remand, Ex. 3 [Docket 5-3]).

I **FIND** that the defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. When I first remanded this case, I did so for two reasons: (1) the plaintiffs' request for relief did not seek punitive damages, and (2) there was no evidence in the record suggesting that damages would exceed $75,000. I explained that

> the defendant has submitted evidence that the plaintiffs seek compensatory damages for the bank account, which has nominal value, a 2005 Dodge truck, which the defendant estimates is worth $10,000, and an ATV with a trailer and collection of guns. The defendant has submitted no evidence as to the value of the ATV and collection of guns. In addition to the compensatory damages, the plaintiffs seek damages for pain, humiliation, embarrassment, degradation, emotional distress, mental anguish, annoyance and inconvenience. Accounting for the estimated $10,000 in compensatory damages, the defendant has offered no evidence that the plaintiffs' request for noncompensatory damages places over $65,000 in dispute. Moreover, there is no *ad damnum* clause in the complaint, and the defendant has not submitted a settlement demand by the plaintiffs. There is also no evidence in the record of verdicts in similar cases. Accordingly, the defendant offers no more than speculation and conclusory allegations that the amount in controversy exceeds $75,000.

(Case No. 2:12-cv-00415, Mem. Op. & Order [Docket 17], at 5). Since then, the defendants' only new evidence is the denial by plaintiffs' counsel of the defendants' interrogatory. That denial does not prove, by a preponderance of the evidence, that the plaintiffs are seeking punitive damages. Quite simply, the defendants continue to speculate and make conclusory allegations that the amount in controversy exceeds $75,000.

Because I determine that the amount-in-controversy requirement is not satisfied, I do not decide whether Mr. Mullins was fraudulently joined.

**IV. Attorney's Fees and Costs**

The plaintiffs argue that they should be awarded costs and attorney's fees pursuant to 28 U.S.C. 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Whether or not to award fees "is left to the district court's discretion[.]" *Id.* at 139.

I **FIND** that defendant Teressa Tabor's Second Notice of Removal [Docket 1] was objectively unreasonable. As I have explained, the only new evidence suggesting that the plaintiffs seek punitive damages is their denial of a request for admission. However, that denial is not an affirmative assertion that the plaintiffs are seeking punitive damages in their well-pleaded complaint. The denial does not come close to proving by a preponderance of the evidence that more than $75,000 is in controversy. Even assuming the plaintiffs were requesting punitive damages in their complaint, this fact alone does not automatically place the amount in controversy over $75,000. The defendants "cannot meet [their] burden by simply alleging the presence of a sum in excess of the jurisdictional minimum. Instead, [the defendants] must supply evidence . . . ." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 963 (S.D. W. Va. 2011). The defendants have pointed to no similar cases to support their allegations that punitive damages, if sought by the plaintiffs, should be valued at an amount that would bring the total amount in controversy over $75,000. Accordingly, defendant Teressa Tabor is **ORDERED** to pay the plaintiffs' just costs and accurate

expenses in defending removal pursuant to 28 U.S.C. § 1447(c). These expenses include attorney's fees in the matter. Plaintiffs' counsel is **DIRECTED** to file within ten days, in this court, an accounting for time spent, costs incurred, and the rate charged for fees incurred in this matter.

### V. Conclusion

For the reasons discussed above, the plaintiffs' Motion to Remand [Docket 5] is **GRANTED** and Defendant Rick Mullins' Motion for Costs and Attorney's Fees [Docket 4] is **DENIED**. This case is **REMANDED** to the Circuit Court of Kanawha County. Defendant Teressa Tabor is **ORDERED** to pay the plaintiffs' just costs and attorney's fees incurred in defending removal. The plaintiffs are **DIRECTED** to file within ten days, in this court, an accounting for time spent, costs incurred, and the rate charged for fees incurred in this matter.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 15, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE